Submitted on remand from the Oregon Supreme Court March 3, reversed and remanded in part on appeal; reversed on cross-appeal August 25, reconsideration denied November 24, petition for review denied December 7, 1993 (318 Or 170)

ONITA PACIFIC CORPORATION,
an Oregon corporation;
John A. Dante and Jeanine Dante,
husband and wife,
*Appellants - Cross-Respondents,*

*v.*

TRUSTEES OF CHARLES D. BRONSON
and Warde H. Erwin,
*Respondents - Cross-Appellants,*

Clyde PURCELL
and L. A. Swarens,
*Respondents,*

*and*

Lawrence W. ERWIN;
John Compton;
Douglas K. Siebert and Dorothy L. Siebert,
husband and wife;
and Douglas Cascade Corporation,
an Oregon Corporation,
*Defendants.*

(A8607 04518; CA A46940)

858 P2d 453

I. Franklin Hunsaker, Douglas G. Houser, James G. Driscoll, Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, filed the briefs for appellants - cross-respondents.

Charles C. Erwin and Warde H. Erwin, Portland, filed the briefs for respondents - cross-appellants.

Wayne Hilliard, James H. Clarke, Michael J. Lilly and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, filed the brief for respondents Purcell and Swarens.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

This case is on remand to us from the Supreme Court, after its decision holding that we erred in reinstating a jury verdict for plaintiffs on their claim of negligent misrepresentation. In the light of the Supreme Court's decision, we reverse the trial court on defendants' cross-appeal, which sought to reverse the trial court's denial of motions for a directed verdict and for judgment notwithstanding the verdict on the claim of negligent misrepresentaiton. *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992). On remand, we also address plaintiffs' assignments of error on appeal that we did not reach in our first opinion because of our disposition of the negligent misrepresentation claim.

This case concerns an agreement whereby defendants,[1] as sellers under a land sale contract, consented to the assignment to plaintiffs of the buyer's interest in the contract. We incorporate the lengthy statement of facts from our original opinion. 104 Or App 696, 803 P2d 756 (1990). Plaintiffs asked the court to reform their agreement with defendants so as to require the release of deeds to lots subject to the agreement on payment of the amounts specified in the contract documents, without the prerequisite of a third party sale. The trial court held that the contract was ambiguous concerning whether defendants, as sellers, were required to release to plaintiffs deeds to the lots subject to the agreement on payment of the amounts specified in the contract documents, or whether release of the deeds was conditioned on resale of the lots to third parties. The court found that the contract required defendants to release the deeds only upon payment of the amounts specified *and* resale of the lots to third parties.

Among plaintiffs' claims to be tried to the jury was a claim alleging that defendants had breached the duty of good faith and fair dealing by refusing to release deeds to lots after

---

[1] No relief was sought against Compton. Plaintiffs voluntarily dismissed their claims against Lawrence Erwin. The claims against the Sieberts and Douglas Cascade Corporation are not involved in this appeal. Throughout this opinion, we use the term "defendants" to refer to Warde H. Erwin, Clyde Purcell, L. A. Swarens and the trustees of Charles D. Bronson, each of whom was a partner in the joint venture to own and sell the real property in this case.

payment of the amounts specified in the contract documents and by modifying the escrow instructions so as to specifically require third party sales. Subsequent to its decision on the claim for reformation, the trial court dismissed the claim for breach of the duty of good faith and fair dealing, on the ground that it required conduct that was inconsistent with the express terms of the contract. On remand, we are called upon to consider whether the trial court erred in dismissing that claim.

■ As we held in our original opinion, the trial court's findings on the claim for reformation on issues common to the claims to be tried to the jury were not binding and did not prevent plaintiffs from having the jury decide those issues. 104 Or App at 705. As we also held, the contract documents are ambiguous as to whether release of the deeds was conditioned on third party resale. Accordingly, that was a question of fact for the fact finder. The trial court's finding that the agreement required third party resales as a condition to deed releases was not binding on the jury.

■ The complaint alleged that defendants promised, but failed, to release the deeds to lots on payment of the amounts specified in the contract documents and that, contrary to their promises, they subsequently modified the contract so as to require third party resales as a condition to release of the deeds. It alleged that defendants' conduct was contrary to the parties' common purpose, inconsistent with plaintiffs' expectations, and that it interfered with plaintiffs' ability to perform their obligations under the agreement, made their obligations more onerous, and destroyed their right to receive the fruits of the agreement. We conclude that the complaint states a claim for breach of the duty of good faith and fair dealing. *Best v. U.S. National Bank*, 303 Or 557, 561, 739 P2d 554 (1987). The trial court erred in dismissing the claim.

■ The second issue on remand is whether the trial court erred in granting defendants' motion for a directed verdict on plaintiffs' claim of fraud. To establish fraud, plaintiffs must show that defendants made a false and material representation, either with knowledge or in reckless disregard of its falsity, that defendants acted with the intention that plaintiffs rely on the representation, that plaintiffs were ignorant of the falsity of the representation, reasonably relied

on it, and were injured thereby. *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 737 P2d 595 (1987). The question for us on appeal is whether, viewing the evidence in the light most favorable to plaintiffs, the jury could have found clear and convincing evidence of fraud.[2] As the Supreme Court said in *Riley Hill General Contractor v. Tandy Corp., supra*, 303 Or at 407, to be "clear and convincing,"

> "the evidence must be free from confusion, fully intelligible, distinct and establish to the jury that the defendant intended to deceive the plaintiff or did so with reckless disregard for the truth. To be both clear and convincing, the truth of the facts asserted must be highly probable."

It is not our job to decide whether the evidence is clear and convincing, but to decide whether a jury could find that it is. The evidence is sufficient.

■      A jury could find that defendant Warde Erwin represented to plaintiffs that lot release provisions in the escrow instructions, which were incorporated into the land sale contract, permitted release of deeds on payment into escrow of sums specified in the contract and escrow instructions. A jury could find that defendant Lawrence Erwin represented that a $200,000 extraordinary payment made by plaintiffs before closing would be processed through the escrow and would result in a release of deeds to lots having a value of $200,000, and that Lawrence Erwin represented that when he processed the $200,000 extraordinary payment through his own trust account, he would treat the payment as if it had been made through escrow and would result in a release of the deeds under the terms of the escrow. A jury could find that Lawrence Erwin represented that a new escrow that he intended to establish would be identical to the original one and would permit release of deeds on payments of amounts specified, without the requirement of a third party sale.

A jury could find that those representations were false, that defendants did not intend to permit a release of deeds on payment of the sums stated, and did not intend to release lots on payment of the $200,000 extraordinary payment, that the new escrow instructions that Lawrence Erwin

---

[2] The extent of damages need only be proved by a preponderance of the evidence. *Dizick v. Umpqua Comm. College*, 287 Or 303, 311, 599 P2d 444 (1979).

created did not operate in the manner represented, and that defendants did not release the deeds as promised. A jury could find that the representations were material, in that they were likely to affect plaintiffs' decision to complete the transaction. *Millikin v. Green*, 283 Or 283, 285, 583 P2d 548 (1978). A jury could reasonably find that both Warde and Lawrence Erwin were aware of the falsity of their statements, or were reckless in not ascertaining the truth of those statements before making them. A jury could find that both Warde and Lawrence Erwin knew that plaintiffs intended to rely on the information concerning deed releases and that both intended plaintiffs to rely on it. Plaintiffs presented evidence that they were ignorant of the falsity of the representations and that they relied on them in completing the transactions. A jury could find that plaintiffs reasonably relied on Warde Erwin's statements and that they reasonably relied on Lawrence Erwin's statements as well, because Warde Erwin had instructed plaintiffs to deal with Lawrence Erwin, as defendants' attorney. Finally, a jury could reasonably have found that plaintiffs were damaged as a result of defendants' misrepresentations. There was evidence that, because plaintiffs could not use the unreleased lots as security to obtain loans or to barter for the development of the property, they could not complete the project, and therefore defaulted on the agreement, and lost their investment, as well as their expectation of profit. The trial court erred in entering a directed verdict for defendants on the fraud claim.

In the light of our disposition of the claims of fraud and breach of the duty of good faith and fair dealing, it is possible that plaintiffs, rather than defendants, will be the prevailing party on remand. Accordingly, the trial court's award of attorney fees to defendants is reversed.

On appeal, award of attorney fees to defendants reversed, and reversed and remanded on claims of fraud and breach of duty of good faith and fair dealing; reversed on cross-appeal.